UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Verbos, </br></br> Plaintiff, </br></br> vs. </br></br> Experian Information Solutions, Inc; Credit One Bank, N.A., </br></br> Defendants. | ) Case No: </br> ) </br> ) </br> ) COMPLAINT </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

Plaintiff, John Verbos (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in Lehigh County, Pennsylvania.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626. Experian is a "consumer reporting agency," as defined in 15 U.S.C.

§ 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6.    Defendant Credit One Bank, N. A. ("Credit One") is a business entity is that regularly conducts business in the Pennsylvania with its principal place of business located at 6801 S. Cimarron Road, Las Vegas, Nevada 89113. Credit One regularly and in the ordinary course of business furnishes information to various consumer reporting agencies and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b).

## BACKGROUND

7.    There are two types of reporting entities on consumer credit reports.

8.    One type of reporting entity is the credit reporting agency ("CRA"), which reports information about the Plaintiff to users of these credit reports.

9.    The second type is called a Furnisher in the credit reporting industry. A Furnisher is a creditor that furnishes information related to its experience with the Plaintiff to the CRAs.

10.   Credit reporting activities of both the CRAs and Furnishers are regulated by the FCRA.

11.   The FCRA's purpose is to ensure that CRAs and Furnishers follow proper procedure in ensuring that a consumer's credit report is reporting accurately.

12.   Every credit report contains a number of lines representing a placeholder for a specific Furnisher to report about a debt or credit line incurred by a consumer. These lines are known as trade lines.

13.   Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect credit scores.

14. The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013). The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals various forms of information concerning the trade line. The Date of Status should remain uniform throughout each credit report disclosing the trade line as this date does not change regardless of whether the original creditor sells the debt to a third party.

15. The First Reported date reflects the date in which the debt had its first major delinquency or was first reported to the credit bureaus. *Toliver*, 973 F. Supp. 2d 723. This date also cannot be changed.

## FACTUAL STATEMENT

16. Plaintiff allegedly owed consumer debts to Credit One, through primarily personal, familial and household use.

17. Credit One placed a trade line on Plaintiff's credit report bearing the account number #444796231379****.

18. In reviewing Plaintiff's Experian credit reported dated August 23, 2018, Plaintiff noticed that Experian was reporting more recent dates than were accurate for this account. Upon information and belief, the proper Date of Status for the account is May 2018. Yet, the Experian credit reports indicated that the Date of Status was June 2018.

19. In a dispute letter to Experian dated August 23, 2018, Plaintiff disputed the account.

20. Experian forwarded the dispute to Credit One for investigation.

21. Thereafter, in response to Plaintiff's dispute, the Credit One Date of Status was changed from June 2018 to September 2018.

22. As mentioned above, the Date of Status is static and cannot accurately change because there was no change in account history.

23. Upon information and belief, Credit One's erroneous reporting to Experian resulted in the date change. After Plaintiff's requests to investigate, Credit One failed to reasonably investigate.

24. Experian failed to conduct a reasonable investigation into the accuracy of the trade line, and allowed/enabled Credit One to erroneously change reporting dates on Plaintiff's credit report. Alternatively, Experian itself changed the dates.

25. After Plaintiff's requests to reinvestigate, Experian failed to conduct a reasonable reinvestigation.

26. Further, in Plaintiff's November 1, 2018 Experian Credit Report, the Credit One Date of Status was reported as more recent yet again, this time being reported as October 2018.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EXPERIAN

27. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

28. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

29. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

30. Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

31. After receiving Plaintiff's disputes highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

32. As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

33. Experian's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, PLAINTIFF PRAYS that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY CREDIT ONE

34. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

35. At all times pertinent hereto, Credit One was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

36. Credit One willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

37. Credit One willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed, and continued to report dates that were inaccurate.

38. Credit One willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

39. Credit One willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

40. Credit One willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

41. Credit One willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

42. Credit One's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Credit One was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, PLAINTIFF PRAYS that this court grant him a judgment against Credit One for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

43. Plaintiff demands a jury trial on all issues so triable.

Dated: April 06, 2020

                                      Respectfully Submitted,

                                      */s/ Nicholas Linker*_____
                                      Nicholas Linker, Esq.
                                      Zemel Law LLC
                                      1373 Broad Street, Suite 203-C
                                      Clifton, New Jersey 07013
                                      (Tel): 862-227-3106
                                      nl@zemellawllc.com